OPINION *
RENDELL, Circuit Judge:
The District Court granted summary judgment for Appellee American DG Energy Inc. (“ADG”) on all of Appellant Michael Safarian’s claims.[1] The central issue on appeal is whether the District Court correctly held that Safarían was an independent contractor, and not an employee of ADG. While we affirm in part, we will also vacate and remand in part because the District Court did not reason through the factors that are important for determining employment status under the Fair Labor Standards Act (“FLSA”) and New Jersey state law.
I. Background
ADG operates in the utility business, and Safarían is an engineer who serviced and installed ADG’s machines from approximately December 2006 to April 2010. Safarían worked for ADG Mondays through Fridays, as well as some weekends, working at least 40 hours and sometimes over 50 hours per week. ADG told him which job site to visit and which services to perform. ADG provided Safarían with materials to install and fix -its devices, business cards, cellphone, beeper, business email address, and clothes with the company logo. His supervisor described him as ADG’s “boots on the ground” and “a face of the company.” (App. 914, 715.)
Safarían originally understood that he was “being hired as a full-time employee,” but then ADG told him “that it was to the best of the company’s interest to temporarily put you on as a subcontractor,” (App. 814a.) As a result, Multiservice, a company that Safarían owned, invoiced ADG and Multiservice paid Safarían. Multiservice invoiced ADG for Safarian’s time on a per-hour basis. Safarían occasionally brought an assistant to the ADG job sites, and Multiservice billed ADG for the assistant’s labor as well. Safarían also took a non-ADG job in Russia for two months.
While working at ADG sites, Safarían discovered that ADG was performing certain work without appropriate permits and that ADG was overbilling customers. Sa-farían objected to ADG’s permit violations and overbilling practices. Safarían claims that ADG terminated him in retaliation for these disclosures.
The District Court noted that in order to bring claims under the federal statute, the FLSA, or New Jersey state laws, namely the CEPA, Pierce, and the New Jersey *151 Wage and Hour Law, Safarían must be an employee of ADG. The District Court stated that determining whether Safarían was an employee required an examination of all the circumstances, and it cited factors that we have listed as determinative in FLSA cases, citing Martin v. Selker Bros., 949 F.2d 1286 (3d Cir.1991). The District Court then noted that some of the facts of Safarian’s relationship with ADG were “often associated with employee relationships,” such as the continuity of the relationship, the importance of Safarian’s work to the business, payment on a per-hour basis, and the provision of uniforms, tools, and a phone. (App. 9.) The District Court concluded, however, that Safarían was an independent contractor because he “structured his relationship with .[ADG] as an independent contractor and gained certain benefits that come with this status.” (Id.) “After experiencing the benefits available through this arrangement, [Safarían] ‘stumbles’ in an effort to characterize-himself as an employee of [ADG].” (Id.)
II. Analysis
Safarian’s “employment status ... is a legal conclusion,” and “[t]hus, our standard of review of the legal determination of employee status is plenary.” Martin, 949 F.2d at 1292.[2]
Under the FLSA, “the term ‘employee’ means any individual employed by an employer.” 29 U.S.C. § 203(e)(1). This statutory definition is “necessarily broad to effectuate the remedial purposes of the Act.” Martin, 949 F.2d at 1293. In accordance with this “expansive definition[ ],” courts must “look to the economic realities of the relationship in determining employee status under the FLSA.” Id.; see also Tony & Susan Alamo Found. v. Sec’y of Labor, 471 U.S. 290, 301, 105 S.Ct. 1953, 85 L.Ed.2d 278 (1985) (“The test of employment under the Act is one of ‘economic reality’....”) (quoting Goldberg v. Whitaker House Coop., Inc., 366 U.S. 28, 33, 81 S.Ct. 933, 6 L.Ed.2d 100 (1961)). There are six factors to determine whether a worker is an “employee” under the FLSA:
1) the degree of the alleged employer’s right to control the manner in which the work is to be performed; 2) the alleged employee’s opportunity for profit or loss depending upon his managerial skill; 3) the alleged employee’s investment in equipment or materials required for his task, or his employment of helpers; 4) whether the sendee rendered requires a special skill; 5) the degree of permanence of the working relationship; 6) whether the service rendered is an integral part of the. alleged employer’s business.
Martin, 949 F.2d at 1293 (quoting Donovan v. DialAmerica Mktg., Inc., 757 F.2d 1376, 1382 (3d Cir.1985)).
Even though the District Court listed these factors, it did not reason through them. Instead, it focused on the structure of the Safarian-ADG relationship, noting, for example, that Safarían billed his work for ADG through Multiser-vice and that Safarían used Multiservice to claim tax advantages. However, it is the economic realities of the relationship as analyzed using the Martin factors, not the structure of the relationship, that is determinative. Indeed, the issue arises because the parties structured the relationship as an independent contractor, but the caselaw counsels that, for purposes of the worker’s rights under the FLSA, we must look beyond the structure to the economic reali *152 ties. Thus, the dissent’s concern with the structure is beside the point.[3]
In Rutherford Food Corp. v. McComb, 331 U.S. 722, 726, 67 S.Ct. 1473, 91 L.Ed. 1772 (1947), the Supreme Court held that meat boners in a factory were employees, even though the boners owned their own tools, hired employees to assist with the boning operation, and were not paid hourly. The Rutherford court noted that “[w]hile profits to the boners depended upon the efficiency of their work, it was more like piecework than an enterprise that actually depended for success upon the initiative, judgment or foresight of the typical independent contractor.” Id. at 730, 67 S.Ct. 1473. In Tony and Susan Alamo Foundation, the Supreme Court held that workers-who testified that they were not employees, did not work for ma- terial rewards, and volunteered for minis- try purposes-were employees within the meaning of the FLSA because they were “entirely dependent upon the Foundation for long periods, in some cases several years.” Tony & Susan Alamo Found., 471 U.S. at 301, 105 S.Ct. 1953 (quoting Donovan v. Tony & Susan Alamo Found., 567 F.Supp. 556, 562 (W.D.Ark.1982)). See also Donovan v. DialAmerica Mktg., Inc., 757 F.2d 1376, 1385-86 (3d Cir.1985) (holding that workers were employees un- der the FLSA because they “were not in a position to offer • their services to many different businesses and organizations,” “worked on a continuous basis with Dia- lAmerica and were able to work only when and if DialAmerica was in need of their services,” and, consequently, “were eco- nomically dependent on DialAmerica”); Robicheaux v. Radcliff Material, Inc., 697 F.2d 662, 667 (5th Cir.1983) (holding that workers were employees because“the fact that [workers] provided their own insur- ance coverage, listed themselves as self- employed on their tax returns, and had their own business cards and letterheads, does not tip the balance in favor of inde- pendent contractor status where, as here, the economic realities of the situation indi- cate that the employee depended upon the employer for his livelihood”); Scantland v. Jeffry Knight, Inc., 721 F.3d 1308, 1311 (11th Cir.2013) ■ (“This [FLSA] inquiry is not governed by the ‘label’ put on the relationship by the parties or the contract controlling that relationship, but rather fo- cuses on whether ‘the work done, in its essence, follows the usual path of an em- ployee.’ ”) (quoting Rutherford, 331 U.S. at 729, 67 S.Ct. 1473). The fundamental point here
The fundamental point hereis that courts must look to the economic realities, not the structure, of the relationship be- tween the workers and the businesses. Accordingly, we will vacate and remand so that the District Court can apply the prop- er test by examining the facts in light of the Martin factors and weighing them in coming to a conclusion regarding Safari- an’s employee status. We will also vacate the District Court’s grant of summary judgment under CEPA and Pierce because the District Court did not consider the factors under New Jersey law for deter- mining whether Safarían was an employee under those laws. See Pukowsky v. Caru- so, 312 NJ.Super. 171, 711 A.2d 398, 404 (App.Div.1998) (listing 12 factors that courts should consider to determine a worker’s status). However, we will affirm
However, we will affirmthe District Court’s grant of summary judgment in favor of ADG on Safarian’s Dodd-Frank,[4] *153 breach of contract, New Jersey Wage and Hour Law, and promissory estoppel claims. We will also affirm the Magistrate Judge’s decisions regarding discovery. “[W]e review a district court’s denial of a discovery motion for an abuse of discretion,” and there was no abuse of discretion here. Lloyd v. HOVENSA, LLC., 369 F.3d 263, 274 (3d Cir.2004).
III. Conclusion
Accordingly, we will affirm in part and vacate in part. We will affirm the District Court’s rulings on the Dodd-Frank, New Jersey Wage and Hour Law, promissory estoppel, and breach of contract claims and its discovery orders. We will vacate the entry of summary judgment on Safarian’s FLSA, CEPA, and Pierce claims, and remand for further proceedings.

 This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent,

, Safarían brought claims for violation of the Dodd-Frank Wall Street Reform and Consumer Protection Act (“Dodd-Frank”), violation of the Fair Labor Standards Act ("FLSA”), violation of New Jersey’s Wage and Hour Law, breach of contract, promissory estoppel, violation of the Conscientious Employee Protection'Act ("CEPA”), and violation of public policy under Pierce v. Ortho Pharm. Corp., 84 N.J. 58, 61, 417 A.2d 505 (1980).

. In general, "we employ a plenary standard in reviewing orders entered on motions for summary judgment.” Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir.2014).

. Moreover, I viewthe analysis of the Martin factors as pointing more toward employee status for Safarían than our dissenting colleague; but it willbe for the District Court to address these factors in the first instance. 4. In order to

. In order toreceive Dodd-Frank whistle- blower protection, an employee must report an employee must report *153 "conduct which the employee reasonably believes constitutes a violation of section 1341, 1343, 1344, or 1348, any rule or regulation of the Securities and Exchange Commission, or any provision of Federal law relating to fraud against shareholders.” 18 U.S.C. § 1514A(a)(l). The District Court correctly determined that the misconduct that Safarían reported did not fall into any of these categories. Amicus Department of Labor expressed concern that the District Court’s opinion could be read narrowly to imply that Dodd-Frank whistleblower protection only applies to lawyers, accountants, or auditors who report shareholder fraud. We do not read the District Court opinion so narrowly.